UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELAINE M. SMITH,

           Plaintiff,

     V.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

**REPORT AND RECOMMENDATION**

08-CV-1341
(DNH/VEB)

## I. INTRODUCTION

In October of 2005, Plaintiff Elaine M. Smith filed applications for supplemental security income ("SSI") benefits and disability insurance benefits ("DIB") under the Social Security Act. Plaintiff alleges that she has been unable to work since January 21, 2003. The Commissioner of Social Security denied Plaintiff's applications.

Plaintiff, through her attorney, Jonathan P. Foster, Esq., commenced this action on December 15, 2008, by filing a Complaint in the United States District Court for the Northern District of New York. (Docket No. 1). Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

On May 10, 2010, the Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 22).

## II. BACKGROUND

The relevant procedural history may be summarized as follows: Plaintiff applied for DIB and SSI benefits on October 27, 2005, and October 31, 2005, respectively. (T at 49-54, 242B-1).[1] The applications were denied initially. (T at 242A, 242J-N, 243). Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (T at 26-26A). A hearing was held on April 28, 2008, in Elmira, New York before ALJ Elizabeth Koennecke. (T at 243-265). Plaintiff appeared along with her attorney, Jonathan P. Foster, Esq. (T at 243).

On August 14, 2008, the ALJ issued a decision denying Plaintiff's applications. (T at 12-19). Plaintiff filed a timely request for review by the Appeals Council. The ALJ's decision became the Commissioner's final decision on October 17, 2008, when the Appeals Council denied Plaintiff's request. (T at 5-7).

Plaintiff, through counsel, commenced this action on December 15, 2008. (Docket No. 1). The Commissioner interposed an Answer on May 27, 2009. (Docket No. 8). Plaintiff filed a supporting Brief on September 11, 2009. (Docket No. 12). The Commissioner filed a Brief in opposition on January 26, 2010. (Docket No. 21).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[2]

For the reasons that follow, it is respectfully recommended that the Commissioner's motion be denied, Plaintiff's motion be granted, and this case be remanded to the

---

[1] Citations to "T" refer to the Administrative Transcript. (Docket No. 7).

[2] General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

Commissioner for further proceedings.

### III. DISCUSSION

**A.   Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado

v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.[3]

While the claimant has the burden of proof as to the first four steps, the

---

[3]This five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.

If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.

Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

**B.  Analysis**

   **1.  Commissioner's Decision**

The ALJ determined that Plaintiff met the insured status requirements under the Act through March 31, 2009. (T at 14). The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 21, 2003, the alleged onset date. (T at 15). The ALJ concluded that Plaintiff had the following medically determinable impairments: diabetes mellitus and obesity. (T at 15).

However, the ALJ found that Plaintiff did not have any impairment considered severe under the Act and further did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments found in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (T at 16). In particular, the ALJ found that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities. (T at 18).

Accordingly, the ALJ found that Plaintiff was not under a disability, as that term is

defined under the Social Security Act, since the alleged onset date. (T at 19). As noted above, the ALJ's decision became the Commissioner's final decision on October 17, 2008, when the Appeals Council denied Plaintiff's request for review.  (T at 5-7).

### 2. Plaintiff's Claims

Plaintiff contends that the Commissioner's decision should be reversed. She offers two (2) principal arguments in support of her position. First, Plaintiff contends that the ALJ failed to give proper weight to the assessment of Plaintiff's treating physician. Second, Plaintiff argues that the ALJ improperly discounted her credibility. Each argument will be addressed in turn.

#### a. Treating Physician's Rule

Under the "treating physician's rule," the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); Halloran v. Barnhart, 362 F.3d 28, 31-32 (2d Cir. 2004); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir.2000).[4]

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. In this regard, an ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the

---

[4]"The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No.03-Civ.0075, 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of the treating physician, and (6) other factors that are brought to the attention of the court. C.F.R. § 404.1527(d)(1)-(6); see also de Roman, 2003 WL 21511160, at *9; Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir.1998); Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998).

In this case, Dr. Lon Ovedovitz, Plaintiff's treating physician, opined that Plaintiff was not capable of working in any capacity. (T at 199). Dr. Ovedovitz assessed chronic back and hip pain and concluded that Plaintiff was moderately limited with regard to walking and standing and very limited with respect to lifting/carrying and pushing/pulling/bending. (T at 200). Dr. Ovedovitz opined that Plaintiff would be severely limited with regard to work activities due to "constant" back and hip pain. (T at 201).

The ALJ noted that this assessment was not supported by any clinical and/or laboratory data. (T at 18). Further, the ALJ requested that Dr. Ovedovitz clarify his assessment given the largely negative and/or minimal clinical findings of record. (T at 113). Dr. Ovedovitz responded that "[a]ll of the information, as far as limitations go, were [*sic*] based on patient report." (T at 238).

This Court finds no error in the ALJ's decision not to afford Dr. Ovedovitz's assessment controlling weight and no error in her decision to give the doctor's opinion the same weight given to Plaintiff's subjective complaints.

First, the issue of "disability" under the Act is not a medical issue to be decided by a treating source, but an administrative finding reserved to the Commissioner. 20 C.F.R. § 404.1527(e); SSR 96-5p. A statement by a treating physician that an individual is disabled is not, by itself, controlling. The ALJ is thus not obligated to accept the assessment

7

of a claimant's treating physician or any other source as to the ultimate question of whether claimant is disabled. See 20 C.F.R. § 404.1527(e)(1); Snell v. Apfel, 177 F.3d 128, 133 (2d Cir.1999).

Second, Dr. Ovedovitz's assessment was, by his own admission, unsupported by any medical signs or laboratory findings. Indeed, it was contradicted by the largely negative or minimal clinical test results. Rather, the opinion was based entirely upon Plaintiff's subjective complaints. These factors justified the ALJ's decision to afford little weight to the opinion. See 20 C.F.R. 404.1527(d)(3)-(4) (explaining medical opinions are given more weight the "more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings" and "the more consistent an opinion is with the record as a whole").

However, this Court does find that the ALJ committed reversible error with regard to the assessment of Dr. David Aldinger. In October 2005, Dr. Aldinger completed an "employability" assessment, which Plaintiff submitted in connection with an application for benefits from the Pennsylvania Department of Public Welfare. (T at 166-67). Dr. Aldinger opined that Plaintiff was temporarily disabled and "may be a candidate for Social Security Disability or SSI benefits." (T at 166). Dr. Aldinger believed the condition would last from January of 2003 through December 31, 2006. (T at 166). He further stated that his assessment was based upon physical examination and Plaintiff's clinical history. (T at 166). The record indicates that Plaintiff regularly treated with Dr. Aldinger from approximately February of 2004 through at least January of 2006. (T at 75, 164-81).

The ALJ referenced one of Dr. Aldinger's treatment notes, but did not discuss his finding that Plaintiff was temporarily disabled and offer no indication as to what weight, if

8

any, to which Dr. Aldinger's assessment was entitled. (T at 15). The Commissioner concedes that the ALJ did not consider Dr. Aldinger's finding (Commissioner's Brief, Docket No. 21, at p. 12), but argues that this failure was irrelevant because (a) the ALJ made a general statement to the effect that she had considered all of the evidence and (b) the disability assessment was contained on an application for state welfare benefits. These arguments are unavailing.

The ALJ discussed Dr. Aldinger's treatment notes and cited those notes in support of her finding without referencing the disability determination, raising the very real possibility that the disability assessment was overlooked. Indeed, at the beginning of the decision, the ALJ strongly indicated that she felt pressured or rushed to render her decision. Specifically, the ALJ stated as follows:

> [I]t is pertinent that this case is one of a group of aged cases identified by the Commissioner as requiring adjudication before the end of the current fiscal year. The undersigned has in this regard been advised by senior management that any additional delays in adjudicating these cases will not be tolerated. Therefore, no additional extensions of time, to submit additional evidence, can be granted.

(T at 12).

This statement raises the possibility that the ALJ either overlooked Dr. Aldinger's assessment in her haste to complete the decision or chose not to follow-up will Dr. Aldinger because she feared that "senior management" would not "tolerate" the delay occasioned by such follow-up. In either event, while this Court is not unsympathetic to the onerous caseloads and backlogs facing the Social Security Administration, and its efforts to encourage the expeditious resolution of benefits applications, bureaucratic considerations cannot justify denying Plaintiff her right to fair and full consideration of her applications.

9

Moreover, even assuming that the ALJ did consider and disregard Dr. Aldinger's findings *sub silentio*, that would in itself be a basis for remand. The ALJ has an "affirmative duty to develop the record and seek additional information from the treating physician, *sua sponte*, even if plaintiff is represented by counsel" to determine upon what information the treating source was basing his opinions. Colegrove v. Comm'r of Soc. Sec., 399 F.Supp.2d 185, 196 (W.D.N.Y.2005); see also 20 C.F.R. §§ 404.1212(e)(1), 416.912(e) (1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source ... does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."). Failure to re-contact is error. See Taylor v. Astrue, No. CV-07-3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008) (finding it error for the ALJ to not re-contact Plaintiff's treating physician when he determined that the physician's opinion was "not well-supported by objective medical evidence").

In support of its efforts to convince the Court that the ALJ properly evaluated Dr. Aldinger's opinions, the Commissioner notes that Dr. Aldinger's disability determination was made in the context of a state welfare benefits application. This argument is unpersuasive and undermined by the fact that Dr. Aldinger specifically opined that Plaintiff might "be a candidate for Social Security Disability or SSI benefits." (T at 166). Although the ultimate issue of disability is reserved to the Commissioner, that fact did not relieve the ALJ of her obligation to provide good reasons for rejecting the assessment of a treating physician. Snell, 177 F.3d at 134 ("Reserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit a doctor's finding of disability, but it does not exempt administrative decisionmakers from their obligation . . . to explain why a treating physician's opinions are not being credited.").

An ALJ must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004); see also 20 C.F.R. § 404.1527(d)(2) (stating that the agency "will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion"). In other words, an ALJ is obligated to provide "good reasons" for disregarding the assessment of a treating physician. See Snell v. Apfel, 177 F.3d 128, 133 (2d Cir.1999) ("Failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand"); cf. Conway v. Barnhart, No. 00 Civ. 8148, 2002 WL 31478192, at *4 (S.D.N.Y. Nov.6, 2002) (holding that remand was proper "when there is a question as to how the ALJ applied legal standards, such as determining what controlling weight was given to a treating physician's conclusions and diagnosis" (citing Rosa v. Callahan, 168 F.3d 72, 79-81 (2d Cir.1999)). Here, the ALJ provided no discussion whatsoever of Dr. Aldinger's assessment.

The ALJ's failure to follow the treating physician's rule with regard to Dr. Aldinger precludes a finding that her overall conclusion is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); Medina v. Barnhart, No. 03-CV-0079, 2004 WL 487310, at *10 (S.D.N.Y. Mar. 11, 2004) ("The ... failure in this case to provide 'good reasons' for discounting the opinion of plaintiff's treating physician and to fully develop the record preclude[s] the Court from concluding that the finding of no disability is supported by 'substantial evidence' and

should be upheld."). Thus, this Court recommends a remand for further proceedings, that the ALJ be instructed to afford Dr. Aldinger's assessment proper deference, that the ALJ re-contact Dr. Aldinger if necessary, and, if the assessment is not provided controlling weight on remand, that a comprehensive statement of reasons be provided. See 20 C.F.R. §§ 404.1527(d)(2), 416. 927(d)(2).

### b. Credibility Assessment

Courts in the Second Circuit have determined pain is an important element in DIB and SSI claims, and pain evidence must be thoroughly considered. See Ber v. Celebrezze, 333 F.2d 923 (2d Cir.1994). Further, if an ALJ rejects a claimant's testimony of pain and limitations, he or she must be explicit in the reasons for rejecting the testimony. See Brandon v. Bowen, 666 F.Supp. 604, 609 (S.D.N.Y.1997).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§ 423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. §§ 404.1529(b), 416.929; SSR 96-7p; Gernavage v. Shalala, 882 F.Supp. 1413, 1419 (S.D.N.Y.1995).

"An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." Lewis v. Apfel, 62 F.Supp.2d 648, 651 (N.D.N.Y.1999) (internal citations omitted).

To this end, the ALJ must follow a two-step process to evaluate the plaintiff's contention of pain, set forth in SSR 96-7p:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or medical impairment (s) ... that could reasonably be expected to produce the individual's pain or other symptoms ....
> Second, ... the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities ....

According to 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii) and 416.929(c)(3)(i)-(vii), if the plaintiff's pain contentions are not supported by objective medical evidence, the ALJ must consider the following factors in order to make a determination regarding the plaintiff's credibility:

1. [Plaintiff's] daily activities;
2. The location, duration, frequency and intensity of [Plaintiff's] pain or other symptoms;
3. Precipitating and aggravating factors;
4. The type, dosage, effectiveness, and side effects of any medication [Plaintiff] take[s] or ha[s] taken to alleviate ... pain or other symptoms;
5. Treatment, other than medication [Plaintiff] receive[s] or ha[s] received for relief of ... pain or other symptoms;
6. Any measure [Plaintiff] use[s] or ha[s] used to relieve ... pain or other symptoms;
7. Other factors concerning [Plaintiff's] functional limitations and restrictions due to pain or other symptoms.

If the ALJ finds that the plaintiff's pain contentions are not credible, he or she must state his reasons "explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." Young v. Astrue, No. 7:05-CV-1027, 2008 WL 4518992, at *11 (N.D.N.Y. Sept. 30, 2008) (quoting Brandon v. Bowen, 666 F.Supp 604, 608 (S.D.N.Y.1987)).

In this case, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to produce very little of the alleged

13

symptoms and that her statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible. (T at 18).  In light of the matters referenced above, the ALJ should revisit the question of Plaintiff's credibility on remand after further development of the record with regard to Dr. Aldinger's assessment.

### 3. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008).  Given the deficiencies in the record as outlined above, it is recommended that the case be remanded for further proceedings consistent with this Report and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the decision of the Commissioner be reversed, and that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405 (g) for further administrative proceedings consistent with this Report and Recommendation.

Respectfully submitted,

Dated: June 21, 2010

Syracuse, New York



Victor E. Bianchini
United States Magistrate Judge

**V. ORDERS**

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS**

15

**CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

June 21, 2010

_____
Victor E. Bianchini
United States Magistrate Judge